IN RE INTEREST OF P.L.F., A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. P.L.F., APPELLEE.
CITY OF OMAHA, A MUNICIPAL CORPORATION, APPELLANT.
352 N.W.2d 183

Filed July 20, 1984.   Nos. 83-879, 83-880.

Herbert M. Fitle, Omaha City Attorney, James E. Fellows,

and Timothy K. Kelso, for appellant.

Anthony S. Troia, for appellee P.L.F.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ.

WHITE, J.

P.L.F., appellee in this court, petitioned the separate juvenile court of Douglas County, Nebraska, pursuant to Neb. Rev. Stat. §§ 43-2,102 et seq. (Cum. Supp. 1982), for an order of the court to set aside the adjudication of the juvenile court and "that all records relevant to said child's adjudication(s) be sealed and shall not be available to any person except upon the order of this Court for good cause shown."

Service was had on, among others, the police division of the City of Omaha, Nebraska, pursuant to § 43-2,105. The police division, through the City of Omaha, responded. The response did not oppose the setting aside of the adjudication as a delinquent child, but sought clarification of the "sealing" process and the establishment of a method of handling its own records as would cause minimal interference or obstruction in the investigative work of the police division. The City of Omaha specifically objected to an agreement relating to the process of record retrieval that had been in effect in Douglas County.

The juvenile court, after hearing, entered an order which in pertinent part provided:

> 2. That the Motion objecting to the sealing of the record by the City of Omaha is overruled;
> 3. That all records relevant to the adjudication are hereby sealed, pursuant to Section 43-2,102 et., seq., R.R.S. Nebraska 1943, Cum., Supp., 1982, and such reports shall not be available to any person except upon order of the Court for good cause shown;
> 4. That any and all computer bank records and police divisional records be sealed and expunged without exception.

Appellant assigns as its single error that "[t]he Juvenile Court erred in . . . ordering the Police Division records sealed and expunged."

Section 43-2,105 provides in part:

> When the court issues an order setting aside the adjudication, the order shall also require that all records relevant to the adjudication be sealed. Thereafter, such records shall not be available to any person except upon the order of the court for good cause shown. The court order may include all records of the court, law enforcement officers, county attorneys, or any institution, person, or agency which may have such records.

A number of questions are necessarily involved in the resolution of this case, the first of which is whether the juvenile court possesses the power to "expunge" the adjudication and related records of law enforcement authorities.

Black's Law Dictionary 522 (5th ed. 1979) defines "Expunge" as follows: "To destroy; blot out; obliterate; erase; efface designedly; strike out wholly. The act of physically destroying information—including criminal records—in files, computers, or other depositories."

The same source defines "Seal" in part at 1210: "As regards sealing of records, means to close by any kind of fastening that must be broken before access can be obtained."

It is obvious that the statute authorizes the court to limit access to juvenile records and is silent on the subject of destruction of such records. Appellee concedes that the statute does not so provide, but asserts that the separate juvenile court has inherent equitable authority to order such records expunged.

The question is a novel one. A number of courts have held that the juvenile court has such authority, but have restricted its exercise to situations " 'when [there was] serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of arrest.' " *United States v. Doe*, 496 F. Supp. 650, 653 (D.R.I. 1980).

Illustrative of that point is *Police Comm'r of Boston v. Municipal Court of the Dorchester District*, 374 Mass. 640, 661-62, 374 N.E.2d 272, 284 (1978):

> The power properly may be exercised where the utility of the records for law enforcement purposes is likely to be minimal or nonexistent. Thus, where a juvenile proceeding has been terminated due to the absence of any evidence

of delinquency, expungement would seem justified. On the other hand, if there is a disposition of the case favorable to the juvenile due to matters not necessarily supportive of a finding of noninvolvement in delinquent behavior, the need for the remedy, in terms of the injury sought to be avoided, becomes correspondingly less. In such latter instance, no order of expungement may be indicated, or a less drastic measure, such as ordering the records sealed or placing other limitations on dissemination and access, may be sufficient.

Similarly, in *Doe v. Comdr., Wheaton Police Dep't*, 273 Md. 262, 329 A.2d 35 (1974), the petitioner requested expungement of police records relating to an arrest for commission of unnatural sexual acts, which charges were dismissed. The court of appeals held, in reversing the order of the district court sustaining the police department demurrer, that the court had jurisdiction to determine whether the facts warranted granting the expungement of the arrest records.

In all the cases cited which uphold the theory of "inherent equitable power to expunge," the expunging of such records is a process of weighing the interests of society and of the individuals involved.

Here, the appellee was adjudicated and found to have committed acts tantamount to burglary and sexual assault against two male minors. Under none of the cases discussed or cited by appellee would expungement be justified. Assuming the authority of the juvenile court to expunge records independent of statute exists (which we specifically do not decide), the appellee has not shown a basis on which such authority should be exercised. The order expunging records is in error and must be reversed.

Having determined that the records, including arrest records, may only appropriately be sealed and not expunged, the remaining question as to how the sealing should be accomplished must be remanded to the separate juvenile court for an initial answer. We note that several proposals, including physical removal of the records to a secure storage area and removal of detailed arrest and adjudication records from the police division computer, with the notation in the computer that a juvenile

record exists, sufficient to trigger a request to the juvenile court, are in the evidence and argued in the brief. However, the juvenile court has neither approved nor disapproved of any such method.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.

CAPORALE, J., participating on briefs.

KRIVOSHA, C.J., concurring.

I concur in the result reached by the majority in this opinion. I do not, however, believe that the majority was required to "assum[e] the authority of the juvenile court to expunge records independent of statute," and I believe that any discussion by the majority regarding whether the juvenile court has such independent authority is mere dictum. The statute in this case clearly provided that the juvenile court did not have authority to expunge the record. That was the issue presented to us and the only one which we need decide. Whether the separate juvenile court has inherent authority to expunge a record is a matter which should best be left for another day when the question is properly and directly presented to us.